OPINION *Page 2 
{¶ 1} Appellant Norma Williams appeals her convictions and sentences entered in the Coshocton County Municipal Court on six counts of failure to confine a vicious dog in violation of R.C. § 955.22(D)(1).
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} The relevant facts leading to this appeal are as follows.
 {¶ 4} On June 26, 2006, Appellant Norma Williams was the owner/keeper of three pit bulls who escaped from her possession. On said date, Appellant was attempting to load the dogs in her vehicle when they escaped. After receiving complaints from neighbors the County Dog Warden met with Appellant on June 30, 2006, wherein she admitted that the dogs had gotten away from her. The dogs were alleged to be pit bulls by the dog warden and State of Ohio. The dogs were not muzzled, insured or properly confined as required by R.C. § 955.22. As a result, Appellant was charged with three counts of failing to properly confine a vicious dog.
 {¶ 5} On July 10, 2006, Appellant made her initial appearance in Coshocton Municipal Court on three counts of failure to confine a vicious dog in violation of R.C. § 955.22 (D) (1) in Case No. CRB 0600368 (A)(B)(C).
 {¶ 6} On August 16, 2006, Appellant filed a Motion to Dismiss arguing that R.C. § 955.22 is unconstitutional.
 {¶ 7} On September 7, 2006, members of the Coshocton County Sheriff's Dept. were called to 121 South Maple Street in West Lafayette, Ohio to investigate a death. During the investigation a commotion occurred involving various onlookers and family *Page 3 
members. Appellant's dogs, which had been confined to her back yard, escaped from said yard. The dogs were alleged to be pit bulls, one of which was eventually shot and killed by law enforcement officers. Appellant was again charged with three counts of failing to confine vicious dogs in violation of R.C. § 955.22(D)(1).
 {¶ 8} On September 18, 2006, Appellant made her initial appearance in Coshocton Municipal Court on three new counts of failure to confine a vicious dog in violation of R.C. § 955.22 (D)(1) in Case No. CRB 0600541(A)(B)(C).
 {¶ 9} On September 22, 2006, a plea hearing was held. At said hearing, the trial court denied Appellant's Motion of Dismiss filed in Case No. CRB 0600368.
 {¶ 10} Appellant orally moved to dismiss the pending charges in Case No. CRB 0600541 for the same reasons as stated in the Motion to Dismiss filed in Case No. CRB 0600368. The trial court denied the oral motion to dismiss.
 {¶ 11} Appellant then entered a no contest plea to all six pending charges and was sentenced accordingly.
 {¶ 12} On October 6, 2006, appellant filed a notice of appeal. She herein raises the following sole Assignment of Error:
 ASSIGNMENT OF ERROR {¶ 13} "I. THE TRIAL COURT ERRED, AND APPELLANT'S DUE PROCESS RIGHTS WERE DENIED, WHEN IT FAILED TO GRANT APPELLANT'S MOTION TO DISMISS."
 I. {¶ 14} In her sole Assignment of Error, appellant contends the trial court erred in failing to grant her motion to dismiss. We disagree. *Page 4 
 {¶ 15} In its brief, the State has requested that this Court stay this matter until the Supreme Court of Ohio has made its decision in City ofToledo v. Paul Tellings, 2006-Ohio-975, which deals with this issue. However, in the interest of judicial expediency we choose to address the assignment of error raised in this appeal.
 {¶ 16} In the instant appeal, Appellant argues that her motion to dismiss should have been granted on the basis that she was charged under a law that violates due process and was found to be unconstitutional inState v. Cowan, 103 Ohio St. 3d 144, 2004-Ohio-4777.
 {¶ 17} We review a trial court's decision on a motion to dismiss pursuant to a de novo standard of review. State v. Merritt, Richland App. No. 06 CA 10, 2007-Ohio-480
 {¶ 18} In Cowan, supra, the Supreme Court of Ohio found that part of R.C. § 955.22 violated the due process clause of the 14th Amendment to the Constitution in that it did not allow the owner of a dog, determined unilaterally to be vicious by a dog warden, a meaningful opportunity to be heard on the issue of whether the dog is "vicious" or "dangerous".
 {¶ 19} Upon review, we find that Appellee is correct in stating that Appellant's reliance upon Cowan, supra, is misplaced.
 {¶ 20} The Cowan court dealt with a different subsection of R.C. § 955.22 than the case sub judice. As stated above, the Cowan case dealt with the dog warden determining whether or not a dog is vicious without affording the dog owner an opportunity to be heard on the issue. In the instant case, Appellant is charged with failure to confine a pit bull which has been defined by the Legislature as a "vicious dog". Under this subsection, the dog warden has no discretion to determine whether a dog is *Page 5 
"vicious" or not. The Legislature has determined and set forth in the law that a specific breed of dog is in fact a vicious dog.
 {¶ 21} We therefore find that the trial court did not abuse its discretion in denying Appellant's Motion to Dismiss.
 {¶ 22} Appellant's sole Assignment of Error is overruled.
 {¶ 23} For the reasons stated in the foregoing opinion, the judgment of the Municipal Court of Coshocton County, Ohio, is hereby affirmed.
 Wise, J., Gwin, P. J., and Hoffman, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Coshocton County, Ohio, is affirmed. Costs assessed to Appellant. *Page 1